UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TREON D. VAUGHN,

        Plaintiff,

v.                                               Case No. 17-C-246

KENOSHA COUNTY SHERIFF'S DEPARTMENT et al.,

        Defendants.

**ORDER**

Plaintiff Treon Vaughn, who is incarcerated at Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the two-month period immediately preceding the filing of his complaint. The plaintiff has been assessed an initial partial filing fee of $33.59 in this action, but he indicates he is unable to pay that fee and requests that fee be waived. It appears the prisoner will be unable to pay the initial partial filing fee, and so it is waived. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon his by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff asserts that he suffered numerous constitutional violations while he was a prisoner at the "Kenosha County Sheriff Department's Pre-Trial Detainee Buildings." Specifically, he alleges: deprivation of basic human needs such as medical care and reasonable safety, being forced to wear two man constraints, medical malpractice, unlawful deductions of funds from his account, cruel punishment, racial discrimination, character assassination, and slander for employee/corrections officer protection. Although *pro se* allegations are to be construed liberally, I am satisfied that Plaintiff has not pled enough to state a claim. Plaintiff's allegations of illegal conduct are entirely conclusory and state with no degree of specificity which defendants did what to Plaintiff and at what time and place. Liability under § 1983 must be based on defendants' personal involvement in the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Defendant Kenosha County Sheriff's Department is also not a suable entity. *See Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

In sum, Plaintiff's complaint fails to state a claim upon which relief can be granted. It fails to give notice to any defendant as to what specific claims are being made. Because Plaintiff has

3

Case 1:17-cv-00246-WCG    Filed 03/08/17    Page 3 of 5    Document 9

failed to set forth cognizable constitutional or federal claims in his complaint, the case must be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b)(1) for failure to state a claim.

**IT IS ALSO ORDERED** that the plaintiff's motion for appointment of counsel is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Kenosha County Sheriff.

4

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this  7th   day of March, 2017.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court